RANDALL B. BATEMAN (6482)
SARAH W. MATTHEWS (13295)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145
Telephone:  (801) 521-9000
Fax: (801) 363-0400
Email: rbb@scmlaw.com; swm@scmlaw.com;
ipg@scmlaw.com

*Attorneys for Plaintiff*

|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br><br>DISTRICT OF UTAH, CENTRAL DIVISION | |
| ACTION TARGET INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>CUSTOM METAL PRODUCTS, LLC, a Missouri limited liability company, WAL-MART STORES, INC., a Delaware corporation; AMAZON.COM, a Delaware corporation; TRACTOR SUPPLY COMPANY, INC., a Tennessee Corporation; UTAH'S GREATEST GUN STORE, INC., d.b.a. DOUG'S SHOOT'N SPORTS; and STORRS INVESTMENTS, LLC d.b.a. DISCOUNT GUNS AND AMMO;<br> and DOES 1-5,<br><br>               Defendants. | **COMPLAINT**<br><br><br>No.  2:16-cv-01037-DS<br><br>Judge David Sam |

Plaintiff Action Target Inc. ("Action Target"), hereby complains against Defendants, and alleges as follows:

## **PARTIES**

1. Plaintiff Action Target Inc., ("Action Target"), is a Delaware corporation having a principal place of business in Provo, Utah.

2. Action Target is the owner of U.S. Patent No. 6,994,348 and U.S. Patent No. 6,994,349 ("the Action Target Patents").

3. Defendant Custom Metal Products, LLC, ("CMP") is a Missouri limited liability company having a principle place of business at 5781 Westwood Drive, Weldon Spring, MO 63304.

4. On information and belief, CMP has sold or offered for sale one or more dueling trees in the state of Utah which infringe at least one of the Action Target Patents.

5. Defendant Wal-Mart Stores, Inc., ("Walmart"), is a Delaware corporation which, on information and belief, has a principal place of business in Bentonville, Arkansas.

6. On information and belief, Walmart has sold or offered for sale one or more dueling trees in the state of Utah, which infringe at least one of the Action Target Patents.

7. Moreover, Walmart is subject to general jurisdiction in the state of Utah.

8. Defendant Amazon.com, Inc. ("Amazon"), is a Delaware corporation having a principle place of business in Seattle, Washington.

9. On information and belief, Amazon has sold or offered for sale one or more dueling trees in the state of Utah which infringe at least one of the Action Target Patents.

10. Moreover, Amazon is subject to general jurisdiction in the state of Utah.

11. Defendant Tractor Supply Company ("Tractor Supply") is a Tennessee corporation having a principle place of business in Brentwood, Tennessee.

12. On information and belief, Tractor Supply has sold or offered for sale one or more dueling trees in the state of Utah which infringe at least one of the Action Target Patents.

13. Moreover, Tractor Supply is subject to general jurisdiction in the state of Utah.

14. Defendant Utah's Greatest Gun Store Inc., d.b.a. Doug's Shoot'n Sports ("Doug's"), is a Utah corporation having a principle place of business in Seattle, Washington.

15. On information and belief, Doug's has sold or offered for sale one or more dueling trees in the state of Utah which infringe at least one of the Action Target Patents.

16. Moreover, Doug's is subject to general jurisdiction in the state of Utah.

17. Defendant Storrs Investments, LLC, d.b.a. Discount Guns and Ammo ("Discount"), is a Utah corporation having a principle place of business in Salt Lake City, Utah.

18. On information and belief, Discount has sold or offered for sale one or more dueling trees in the state of Utah which infringe at least one of the Action Target Patents.

19. Moreover, Discount is subject to general jurisdiction in the state of Utah.

20. On information and belief, Does 1-5 are individuals or entities which have engaged in conduct described herein whose identities are not currently known to Plaintiff.

**JURISDICTION AND VENUE**

21. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271 (patent infringement), 284 (willful patent infringement), and 283 (injunctive relief for patent infringement). This Court has jurisdiction over the patent claims under 28 U.S.C. §§ 1331 and 1338(a).

22. Venue is proper in this district by virtue of 28 U.S.C. §§ 1391 and 1400(b) because, on information and belief, Defendants' acts of infringement took place and, on information and belief, are taking place within this jurisdiction and because Defendants either reside in this District, can be found in this District or are otherwise subject to specific or general personal jurisdiction in this District.

## GENERAL ALLEGATIONS

### Action Target's Asserted Intellectual Property

23. Plaintiff Action Target specializes in the design and manufacture of bullet traps, shooting ranges and shooting targets.

24. Action Target was established in 1986, and since then has sold its products throughout the United States and in numerous foreign countries.

25. Action Target's customers include federal, state and local governments, as well as private shooting ranges and individuals.

26. Action Target has spent substantial amounts of time and money in developing and commercializing their bullet traps, targets, retrievers and other shooting range supplies to improve training and safety in the use of firearms.

27. Action Target's innovative achievements have resulted in significant intellectual property protection, including approximately 50 patents.

28. Among Action Target's inventions are various aspects of dueling trees.

29. A dueling tree is a target system which has a plurality of targets which are pivotably attached to a support.  When the target is struck, it rotates to the opposite side of the

support.  In use, the goal is for one shooter to knock all of the target to his or her opponents side of the support.

30.     On February 7, 2006, the United States Patent and Trademark Office issued U.S. Patent No. 6,994,348 entitled "Dueling Tree" ("the '348 Patent").  The assignee of the entire interest in the patent is Action Target.  A true and correct copy of the '348 Patent is attached hereto as Exhibit A and expressly incorporated herein.

31.     On February 7, 2006, the United States Patent and Trademark Office issued U.S. Patent No. 6,994,349 entitled "Portable Dueling Tree" ("the '349 Patent").  The assignee of the entire interest in the patent is Action Target.  A true and correct copy of the '349 Patent is attached hereto as Exhibit B and expressly incorporated herein.

32.     Action Target owns all right, title, and interest in the '348 Patent and '349 Patent.

33.      The '348 Patent and the '349 Patent are valid and enforceable.

## **Defendants' Infringement of Action Target's Patent**

34.     Defendant CMP makes a dueling tree which includes a center support and a plurality of targets pivotably attached to the support so as to form a hinge which allows the targets to pivot to opposing sides of the center support.  An advertisement showing CMP's dueling tree is attached hereto as Exhibit C.

//

| Custom Metal Products Dueling Tree | Elements of the claim |
|---|---|
|  | Center support extending upwardly/vertically<br><br>Plurality of bullet resistant targets pivotably mounted to center support |
| | Targets mounted to center support forming a hinge axis less than vertical |

35.     The CMP dueling trees include each element of at least claim 1 of the '348 Patent and, therefore, infringes the '348 Patent.

36.     CMP produces a component of a patented machine or manufacture constituting a material part of the invention, knowing the same to be especially made or adapted for use in an

infringement of the '348 Patent which is not a staple article of commerce suitable for a substantial non-infringing use.

37. Moreover, CMP teaches its customers how to use the CMP dueling tree in such a way that its customers infringe the '348 Patent, thereby inducing infringement of the '348 Patent.

38. The CMP dueling tree includes each element of at least claim 1 of the '349 Patent and, therefore, infringes the '349 Patent.

39. The CMP dueling tree includes each element of at least claim 1 of the '348 Patent and therefore, infringes the '349 Patent.

40. Moreover, CMP teaches is customers how to use the CMP dueling tree in such a way that its customers infringe the '349 Patent, thereby inducing infringement of the '349 Patent.

41. CMP has been advised of its infringement, but has continued to infringe the '348 Patent directly, contributorily and/or by inducement.

42. CMP has been advised of its infringement, but has continued to infringe the '349 Patent directly, contributorily and/or by inducement.

43. The other Defendants have infringed, directly and/or contributorily, the '348 Patent by selling or offering to sell CMP's dueling trees and by inducing their customers to infringe the '348 Patent.

44. The other Defendants have infringed, directly and/or contributorily, the '349 Patent by selling or offering to sell CMP's dueling trees and by inducing their customers to infringe the '349 Patent.

## FIRST CAUSE OF ACTION

### (DIRECT INFRINGEMENT – 35 U.S.C. 271(a))

45. Action Target incorporates the preceding paragraphs and alleges as follows:

46. CMP and the other defendants have infringed at least one of the '348 Patent and the '349 Patent by making, using, selling, offering to sell, or importing CMP's dueling trees.

47. The Defendants' infringement has injured Action Target, including, but not limited to lost sales, lost market share and reduced operating revenues. Moreover, Action Target continues to be irreparably harmed by the Defendants' conduct for which there is no adequate remedy at law.

48. Wherefore, Action Target states a claim for direct patent infringement.

## SECOND CAUSE OF ACTION

### (CONTRIBUTORY INFRINGEMENT – 35 U.S.C. 271(c))

49. Action Target incorporates the preceding paragraphs and alleges as follows:

50. CMP and the other defendants have contributorily infringed at least one claim of the '348 Patent and at least one claim of the '349 Patent by making, using, selling, offering to sell, or importing CMP's dueling trees or parts thereof.

51. The Defendants' infringement has injured Action Target, including, but not limited to lost sales, lost market share and reduced operating revenues. Moreover, Action Target continues to be irreparably harmed by the Defendants' conduct for which there is no adequate remedy at law.

52. Wherefore, Action Target states a claim for contributory patent infringement.

## THIRD CAUSE OF ACTION

## (INDUCED INFRINGEMENT – 35 U.S.C. 271(b))

53. Action Target incorporates the preceding paragraphs and alleges as follows:

54. CMP and the other defendants have induced infringement of at least one of the '348 Patent and the '349 Patent.

55. The Defendants' infringement has injured Action Target, including, but not limited to lost sales, lost market share and reduced operating revenues. Moreover, Action Target continues to be irreparably harmed by the Defendants' conduct for which there is no adequate remedy at law.

56. Wherefore, Action Target states a claim for induced patent infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an Order, Judgment, and Injunction as follows:

A. On each of the Cause of Action, for a judgment in favor of Plaintiff and against Defendants, including an award of damages as determined at trial or by the Court, including punitive or other exemplary damages, along with additional interest, costs, and attorney fees.

B. Judgment that United States Patent No. 6,994,348 is valid and infringed by Defendants, and

    i. For damages for patent infringement in an amount to be determined at trial, such damages being not less than a reasonable royalty;

    ii. That Defendants be ordered to pay Plaintiff's attorneys' fees and costs and disbursements for this action under 35 U.S.C. §285; and

   iii.  That Defendants be required to pay pre-judgment and post-judgment interest until such awards are paid.

 C.  Judgment that United States Patent No. 6,994,349 is valid and infringed by Defendants, and

   i.  For damages for patent infringement in an amount to be determined at trial, such damages being not less than a reasonable royalty;

   ii.  That Defendants be ordered to pay Plaintiff's attorneys' fees and costs and disbursements for this action under 35 U.S.C. §285; and

   iii.  That Defendants be required to pay pre-judgment and post-judgment interest until such awards are paid.

 D.  That the Court find Defendants' conduct as willful infringement of U.S. Patent No. 6,994,348 Patent and make this an exceptional case, entitling Plaintiff to receive treble damages and its reasonable attorneys' fees.

 E.  That the Court find Defendants' conduct as willful infringement of U.S. Patent No. 6,994,349 Patent and make this an exceptional case, entitling Plaintiff to receive treble damages and its reasonable attorneys' fees.

 F.  An Order permitting Action Target, and/or auditors of Action Target, to audit and inspect the books, records, and premises of the Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendants' past use of Action Target's intellectual property, including all manufacturing, distribution, and sales of infringing products, as well as the Defendants' compliance with the orders of this Court;

G.  A permanent injunction enjoining Defendants from infringing U.S. Patent Nos. 6,994,348 and 6,994,349.

H.  Plaintiff further prays for all other damages to which it is entitled for any of its claims, including without limitation actual damages, exemplary damages, consequential damages, incidental damages, punitive damages, lost profits, and damages for intangible injuries as this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims for relief and all issues so triable.

DATED this 11th day of October, 2016.

SNOW, CHRISTENSEN & MARTINEAU

By /s/Randall B. Bateman
Randall B. Bateman
Sarah W. Matthews
*Attorneys for Plaintiff, Action Target Inc.*